UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 10-272-04 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Moises Pulido Jauregui** a/k/a Manuel Rivera De La Paz, | |
| Defendant. | |

LeeAnn K. Bell, Assistant United States Attorney, for Plaintiff.
Derk K. Schwieger for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 7, 2011 on Defendant's Motion to Suppress Evidence as a Result of Electronic Surveillance (ECF No. 108) and Defendant's Motion to Suppress Search and Seizure Evidence (ECF No. 110). The Government submitted one exhibit into evidence. Government Exhibit 1 is a photocopy of an application for a search warrant and a search warrant return. (Gov't Ex. 1.)

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, the Court recommends Defendant's suppression motions be **DENIED**.

## I.   FINDINGS OF FACT

**A.   Search Warrant for Defendant's Cell Phone**

Hennepin County Sheriff's Deputy Ryan Westby requested a search warrant for Defendant's cell phone and served as the affiant on the application. (Gov't Ex. 1.) The application recites the

following events in support of the issuance of a search warrant. Deputy Westby met with a confidential reliable informant (CRI) who has in the past made controlled purchases and introduced a law enforcement officer to a suspect for the purchase of narcotics in an undercover capacity. The CRI has in the past given information to law enforcement that has led to seizures of narcotics and the arrest of persons involved in the sale of narcotics.

The CRI informed Deputy Westby that an individual by the name of Raciel was involved in the sale of crystal methamphetamine in south Minneapolis. The CRI made arrangements to purchase a quantity of methamphetamine from Raciel. Law enforcement observed Raciel meet with two individuals in a vehicle. Deputy Hawthorne observed Raciel take possession of a car battery starter from the two individuals. Raciel then returned the car battery starter to the two individuals. That vehicle was later stopped and law enforcement found approximately one pound of crystal methamphetamine in the car battery starter.

After leaving the two individuals in the vehicle, Raciel proceeded to a predetermined meet location. Raciel and an individual on a bike arrived at the meet location and were taken into custody. The individual on the bike had a backpack which contained approximately one pound of crystal methamphetamine. All four of the above individuals, one of whom was Defendant, were arrested and charged in Hennepin County District Court for conspiracy to commit controlled substance crime first degree-sale. All of the arrestees were in possession of cellular phones.

Based upon the foregoing, State District Court Judge Small signed the search warrant for Defendant's cell phone on September 7, 2010. (Govt. Ex. 1.)

**B.**     **Search of Defendant's Vehicle**

At the hearing, the parties stipulated to the following facts on the record. Police arranged a controlled buy from Co-Defendant Rodriguez-Cruz, using a confidential informant ("CI"). Law enforcement observed Defendant and another co-defendant arrive in a vehicle at Co-Defendant Rodriguez-Cruz' house and transfer packages that law enforcement believed contained drugs. Defendant and the co-defendant in the vehicle then drove some distance away and parked on a public street.

Meanwhile, Co- Defendants Rodriguez-Cruz and Damian were engaged in making an exchange with the CI at a gas station. Once police were alerted there were drugs, they initiated a take-down. Ultimately, the police recovered a backpack containing approximately one pound of methamphetamine from a yard where one of the co-defendants threw it.

During this time, police had been maintaining surveillance on the vehicle in which Defendant was located. Once the methamphetamine in the backpack had been recovered, police observed Defendant and a co-defendant exit the vehicle and begin to walk away. Police approached them and asked them to wait. Police walked a drug dog around the vehicle. The drug dog alerted on the trunk of the vehicle. The trunk was opened and found to contain a "large speaker box" and a "battery charger pack plastic container." The dog went into the trunk and alerted on those containers in the trunk. Those containers were then opened, and an additional pound of methamphetamine was found within the battery pack plastic container.

## II.   CONCLUSIONS OF LAW

**A.   Defendant's Motion to Suppress Evidence As a Result of Electronic Surveillance (ECF No. 108) Should Be Denied.**

Defendant has made no showing that there is an issue regarding electronic surveillance in this case. Therefore, Defendant's Motion to Suppress Evidence As a Result of Electronic

Surveillance (ECF No. 108) should be denied.

B.  **Defendant's Motion to Suppress Search and Seizure Evidence (ECF No. 110) Should Be Denied.**

Defendant contends that evidence seized pursuant to the search warrant for his cell phone should be suppressed because the warrant was issued without a sufficient showing of probable cause in the supporting affidavit. Defendant further contends that evidence seized pursuant to a search of his vehicle should be suppressed because that search was not supported by probable cause.

    1.  **Probable Cause Supported the Issuance of a Search Warrant for Defendant's Cell Phone**

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Under well-established Fourth Amendment jurisprudence, a valid search warrant must be supported by an affidavit providing the signing judge with a substantial basis for determining the existence of probable cause to believe a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 236-39 (1983). Probable cause is defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." *See id.* at 238. A supporting affidavit that consists of bare conclusions or conclusory allegations cannot support a finding of probable cause. *Id.* Veracity, reliability, and basis of knowledge are "highly relevant" in determining whether a supporting affidavit establishes probable cause. *Alabama v. White*, 496 U.S. 325, 328 (1990).

Whether probable cause exists depends on the totality of the circumstances. *See Gates*, 462 U.S. at 238; *United States v. Gabrio*, 295 F.3d 880, 882-83 (8th Cir. 2002). In evaluating the existence of probable cause, courts do not consider each piece of information independently,

but instead consider the cumulative meaning of all facts taken together.  *See United States v. Allen*, 297 F.3d 790, 794 (8th Cir. 2002).

The Court concludes that, given the totality of the circumstances described in the affidavit, probable cause existed to support the issuance of a search warrant for Defendant's cell phone.  Specifically, the warrant application describes a controlled purchase of methamphetamine from an individual named Raciel, arranged by a CI who had provided reliable information to law enforcement in the past.  On the day of the controlled buy, law enforcement observed Raciel take possession of a car battery starter from two individuals in a vehicle.  Raciel gave the car battery starter back to those individuals, then proceeded to the predetermined meet location for the controlled buy.  Law enforcement later stopped that vehicle and found approximately one pound of crystal methamphetamine in the car battery starter.

Raciel and an individual on a bike arrived at the meet location.  Both were taken into custody, and law enforcement found approximately one pound of methamphetamine in a backpack carried by the individual on the bike.  All four individuals involved in this transaction, Raciel, the two men in the vehicle, and the man on the bike, were arrested.  All of the arrestees were in possession of cellular phones, and the police sought search warrants for the electronic contents of all four phones.

The search warrant affidavit identifies Defendant as one of the four arrestees, but does not identify whether he was the individual on the bike or one of the individuals in the vehicle.[1]  However, the Court finds that there was probable cause to search the cell phones of all of the

---

[1] The Court is aware based on the facts stipulated to by the parties on the record that Defendant was one of the individuals in the vehicle.

arrestees.  Therefore, there was necessarily probable cause to search Defendant's cell phone, whatever role he played in the events described in the affidavit.  The individuals in the vehicle provided the car battery starter, later found to contain methamphetamine, to Raciel before he went to the meet location for the controlled buy.  The individual on the bike met Raciel at the controlled buy meet location and was found to be in possession of a backpack containing methamphetamine.  These facts, taken together, establish more than a "fair probability" that evidence related to a methamphetamine dealing operation would be found within the electronic information stored in Defendant's cell phone.  This Court concludes that Deputy Westby's application and affidavit are sufficient to support a finding of probable cause.

### 2. The Search of Defendant's Vehicle Was Supported by Probable Cause

"A vehicle stop is reasonable if it is supported by either probable cause to believe that a traffic violation has occurred or an articulable and reasonable suspicion that criminal activity is afoot." *United States v. Ramos-Caraballo*, 375 F.3d 797, 800–01 (8th Cir. 2004) (citations omitted); *see Whren v. United States*, 517 U.S. 806, 811 (1996).  The automobile exception allows officers to conduct a warrantless search of a vehicle when they have probable cause to believe it contains contraband or evidence of criminal activity. See e.g. *California v. Carney*, 471 U.S. 386, 390 (1985).  Probable cause exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Determining whether probable cause exists at the time of the search is a "common sense, practical question" to be judged from the "totality-of-the-circumstances." *Id*. at 230. "Probable cause does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime."

*United States v. Donnelly*, 475 F.3d 946, 954 (8th Cir. 2007).

The use of a "drug-sniffing dog on the exterior of a vehicle during a valid traffic stop does not infringe upon any Fourth Amendment rights." *United States v. Williams*, 429 F.3d 767, 772 (8th Cir. 2005), citing *Illinois v. Caballes*, 543 U.S. 405 (2005). Thus, a dog sniff of the exterior of a vehicle does not constitute a search for Fourth Amendment purposes and, therefore, requires neither probable cause nor reasonable suspicion. See e.g. *Williams*, 429 F.3d at 772; *United States v. Gregory*, 302 F.3d 805, 810 (8th Cir. 2002). A dog sniff by a reliable dog, which results in an alert on a car, however, gives an officer probable cause to believe that there are drugs present, standing alone. *Donnelly*, 475 F.3d at 955, citing *United States v. Sundby*, 186 F.3d 873, 875–76 (8th Cir. 1999) (holding that an affidavit stating that a dog has been trained and certified to detect drugs is sufficient to establish a dog's reliability).

The Court finds that probable cause existed to support the search of Defendant's vehicle. First, the police validly detained Defendant's vehicle based on a reasonable suspicion that it was involved in drug trafficking. Law enforcement observed Defendant and another individual arrive at Defendant Raciel Rodriguez-Cruz' house in the vehicle. There they provided Defendant Rodriguez-Cruz with a package. Defendant Rodriguez-Cruz then traveled to location where he had arranged to sell methamphetamine to a CI. Law enforcement then initiated a take-down, which resulted in the recovery of a backpack containing approximately one pound of methamphetamine. The exchange with the CI and the recovery of the backpack containing methamphetamine provided a reasonable suspicion that Defendant was involved in a crime sufficient to support the detention of Defendant's vehicle.

Police then walked a drug dog around Defendant's vehicle. Defendant's consent was not

necessary for the dog sniff conducted on the exterior of the vehicle. The dog then alerted to the trunk of the vehicle, which created independent probable cause to conduct a search of the trunk for controlled substances. Once the trunk was open, the dog alerted to the "battery charger pack plastic container," providing probable cause to search the container itself. Because the search of Defendant's car was supported by probable cause, evidence seized pursuant to that search is admissible. Because both the search warrant for Defendant's cell phone and the search of Defendant's vehicle were supported by probable cause, Defendant's Motion to Suppress Search and Seizure Evidence (ECF No. 110) should be denied.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Evidence as a Result of Electronic Surveillance (ECF No. 108) should be **DENIED**; and

2. Defendant's Motion to Suppress Search and Seizure Evidence (ECF No. 110) should be **DENIED**.

DATED: February 9, 2011

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 23, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 23, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.