UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0272(4) (PJS/FLN) |
| Plaintiff, | Case No. 13-CV-3100 (PJS) |
| v. | ORDER |
| MOISES PULIDO JAUREGUI, | |
| Defendant. | |

Moises Pulido Jauregui, pro se.

LeeAnn K. Bell, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Defendant Moises Pulido Jauregui pleaded guilty to one count of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced to 120 months' imprisonment and five years of supervised release. Jauregui appealed, and the Eighth Circuit affirmed his conviction and sentence. *See United States v. Rodriguez-Cruz*, 487 Fed. Appx. 323, 323-24 (8th Cir. 2012) (per curiam).

This matter is before the Court on Jauregui's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Jauregui makes several arguments as to why he is

---

[1] Prior to filing his § 2255 motion, Jauregui filed an ambiguous "motion to appeal." ECF No. 205. In an order dated October 8, 2013, the Court noted that Jauregui had already appealed his conviction and sentence, and that Jauregui would not be permitted to appeal his conviction or sentence a second time. ECF No. 206. Jauregui's earlier motion, however, also requested that his sentence be vacated, set aside, or corrected. *See* ECF No. 205 at 1. Because Jauregui's motion could therefore be construed as one for relief pursuant to § 2255, the Court gave Jauregui an opportunity to clarify the relief that he was seeking. Jauregui has now filed a new motion, this time explicitly brought pursuant to § 2255. The Court therefore construes Jauregui's earlier motion as being strictly a "motion to appeal" and denies that motion for the reasons stated in the
(continued...)

entitled to relief pursuant to § 2255. For the reasons explained below, however, each of those arguments is without merit.

*First*, Jauregui contends that his counsel rendered ineffective assistance by failing to file motions to suppress the methamphetamine seized and any telephone conversations recorded during the course of the government's investigation, and by failing to seek discovery of the lab report showing the nature and quantity of the drugs seized. But Jauregui is simply wrong; his counsel did file such motions,[2] and his counsel did seek discovery of the lab report. *See* ECF Nos. 102, 108, & 110. Moreover, Jauregui's claim that his guilty plea was involuntary or unknowing because he was denied access to the lab reports is belied by the record, as he acknowledged at his plea hearing that he knew the results of those tests. *See* Plea Tr. at 12 [ECF No. 194].

*Second*, Jauregui contends that the Court misapplied the law when it found that a 10-year mandatory-minimum sentence applied to his offense. At Jauregui's sentencing hearing, the Court found that he was responsible for 706.44 grams of actual methamphetamine. *See* Presentence Investigation Report ("PSR") ¶¶ 14-15, 20. Approximately half of this methamphetamine was delivered to a confidential informant, and the other half was found in Jauregui's car at the time of his arrest. *Id.* Jauregui claims that he had no knowledge of the

---

[1](...continued)
Court's October 8, 2013 order.

[2]With respect to the methamphetamine, the motion was denied because the search of Jauregui's vehicle was supported by probable cause and was otherwise lawful. *See* ECF No. 130 at 6-8; ECF No. 133 at 1. With respect to wiretaps, the motion was denied because Jauregui "made no showing that there is an issue regarding electronic surveillance in this case." ECF No. 130 at 3; *see also* ECF No. 121 at 4; ECF No. 133 at 1.

drugs in the car and should therefore have been held responsible only for the drugs delivered to the informant.  ECF No. 208 at 3.  Had the Court found him responsible only for the drugs delivered to the informant, Jauregui argues, he would have been subject only to a five-year mandatory-minimum sentence.  *Id*.  Similarly, Jauregui contends that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because, he claims, the government did not prove that he was responsible for the drugs found in the car and therefore did not prove that he was responsible for a sufficient quantity of methamphetamine to trigger the 10-year mandatory-minimum sentence.

  Again, Jauregui is simply wrong.  Jauregui admitted at his plea hearing — and he admits again in his memorandum — that he was responsible for the methamphetamine delivered to the informant.  ECF No. 208 at 3.  The quantity of drugs delivered to the informant — 364.56 grams of actual methamphetamine, *see* PSR ¶ 14 — was more than sufficient, *by itself*, to trigger the 10-year mandatory-minimum term of imprisonment to which Jauregui was sentenced.  *See* 21 U.S.C. § 841(b)(1)(A)(viii) (imposing a sentence "which may not be less than 10 years or more than life" for offenses involving "50 grams or more of methamphetamine . . . .").  It is therefore not true, as Jauregui argues, that had he been found responsible only for the drugs delivered to the informant, he would have been subject only to a five-year mandatory-minimum sentence.

  A second problem with Jauregui's argument is that it contradicts his sworn testimony at his plea hearing that he was responsible for *both* the drugs delivered to the informant *and* the drugs found in his vehicle.  *See* Plea Tr. at 10-12.  Representations made by a defendant at a plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).  Jauregui offers no reason why the Court should disbelieve the testimony that Jauregui himself gave under oath.  *Cf. Anjulo-Lopez v. United States*, 541 F.3d 814, 818 n.3 (8th Cir. 2008) ("[A] single self-serving, self-contradicting statement is insufficient to render the motion, files, and records of a case inconclusive, so as to warrant an evidentiary hearing.").

*Third*, Jauregui contends that the Court misapplied the Sentencing Guidelines.  This argument, like the previous argument, centers on the claim that Jauregui was not responsible for the methamphetamine found in his car at the time of his arrest.  Jauregui claims that had the Court found that he was responsible only for the drugs delivered to the informant, his offense level under the Sentencing Guidelines — and therefore his recommended term of imprisonment — would have been lower than the Court calculated.

As explained above, however, Jauregui admitted at his plea hearing that he *was* responsible for the methamphetamine found in his car during his arrest, and the Court calculated Jauregui's offense level and sentencing range accordingly.  Again, Jauregui "has a heavy burden to overcome" statements made at a plea hearing, *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997), and again, he has not explained why the Court should ignore his own sworn testimony.

Jauregui's argument fails for a more fundamental reason, however:  Even if the Court erred in calculating Jauregui's recommended sentencing range under the Guidelines (and it did not), the Court sentenced Jauregui to 120 months' imprisonment — the mandatory-minimum sentence for his offense pursuant to § 841(b)(1)(A).  In other words, Jauregui could not have

been prejudiced by any error in calculating his sentencing range, as the Court did not have authority to impose a sentence shorter than the 120-month sentence that it imposed.

*Fourth*, Jauregui contends that he was entitled to a downward variance in his sentence "as he is a deportable alien and would not receive any early relief benefit" that might be available to a similarly situated defendant who was not facing deportation. ECF No. 208 at 5. But Jauregui *did* receive a downward variance; his sentence of 120 months' imprisonment was 15 months below the bottom of the range recommended by the Sentencing Guidelines. *See* Sent'g Tr. at 27, 29 [ECF No. 195]. Moreover, as just explained, the Court sentenced Jauregui to the shortest term of imprisonment permitted by law. *See United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam) ("District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums."). Thus the Court did not have the legal authority to grant a further downward variance — because of Jauregui's status as an alien or because of any other reason.

*Finally*, Jauregui contends that the Court misled him when it told him the following at the plea hearing: "If you decided not to testify [at trial], your silence could not be used against you. And, in fact, if you wanted me to, I would tell the jurors that in deciding whether you had been proven guilty[,] they could not hold against you the fact that you decided not to testify." Plea Tr. at 19. According to Jauregui:

> THe above quoted court Rule 11 amonishion, clearly confused
> Petitioner, as he understood that if he would take it to trial, only,
> and only if he "ask" the Court to tell the jury to instruct them on
> the fact that they cannot use his decision not to testify to find him
> guilty. Had Petitioner knew that it was a Constitutional right to tell
> or instruct the jury to that, he would probably would not plea

>   guilty, but the court erred and mislead him into beleaving that it
>   was an obtion to tell the jury so.  [Sic throughout.]

ECF No. 208 at 4.

Jauregui's arguments are difficult to understand, but they appear to be meritless.  First, the Court did not tell Jauregui that the jury *could* use his silence against him unless he asked that the jury be instructed to the contrary.  Instead, the Court told Jauregui two separate things: (1) that, if Jauregui decided not to testify, his silence could not be used against him — period; and (2) that the Court would so instruct the jury if Jauregui asked.  The silence of a defendant can never be used against him.  But whether to instruct a jury to that effect is generally left up to the defendant.  Sometimes a defendant wants the jury to be so instructed, and sometimes he does not (because he fears that such an instruction will call attention to the fact that he did not testify).  This is settled law, and this is exactly what Jauregui was told at his plea hearing.  *See Carter v. Kentucky*, 450 U.S. 288, 300 (1981).

Second, Jauregui seems to argue that he was misled because, although the Court informed him that he had the right to ask the Court to instruct the jury not to use his silence against him (and that the Court would give such an instruction if asked), the Court did not inform Jauregui that this was a *constitutional* right — as opposed to, apparently, a statutory or common-law right.  Had he been told that this right was grounded in the Constitution, Jauregui says, he "probably" would not have pleaded guilty.  ECF No. 208 at 4.  Jauregui's argument is nonsensical.  The Court is aware of no authority holding that, at a plea hearing, a defendant is entitled to be informed not only of the rights that he enjoys, but the *source* of each of those rights.  Moreover,

the Court can conceive of no reason — and Jauregui suggests none — why Jauregui's decision to plead guilty would turn on the source of a right that was clearly explained to him.

Jauregui's motion is therefore denied. No evidentiary hearing is necessary because the motion and the files and records of this case conclusively show that Jauregui is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Moises Pulido Jauregui's motion to appeal [ECF No. 205] is DENIED.

2. Jauregui's motion to vacate, set aside, or correct his sentence [ECF No. 207] is DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 20, 2013                s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge