UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0272(4) (PJS/FLN) |
| | Case No. 13-CV-3100 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| MOISES PULIDO JAUREGUI, | |
| Defendant. | |

LeeAnn K. Bell, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Moises Pulido Jauregui, pro se.

Defendant Moises Pulido Jauregui pleaded guilty to one count of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced to 120 months' imprisonment and five years of supervised release. Jauregui appealed, and the Eighth Circuit affirmed his conviction and sentence. *See United States v. Rodriguez-Cruz*, 487 Fed. Appx. 323, 323-24 (8th Cir. 2012) (per curiam). Jauregui recently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In an order dated December 20, 2013, the Court denied that motion.

Jauregui now moves pursuant to Fed. R. Civ. P. 59(e) for the Court to alter or amend the judgment. ECF No. 215. Jauregui argues that, when the Court sentenced him, it erred in finding that he was responsible for 706.44 grams of actual methamphetamine, as opposed to 706.44 grams of a mixture or substance containing a detectable amount of methamphetamine. Jauregui also claims that the Court erred by failing to require the government to produce the lab report on the drugs seized from Jauregui. Jauregui's motion is frivolous for a number of reasons:

First, Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation and quotations omitted).  A Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (citation and quotations omitted).  There is no reason why Jauregui could not have made the arguments that he now makes in support of his Rule 59(e) motion prior to the time that the Court entered judgment on his § 2255 motion.

Second, as the Court has already informed Jauregui — and as Jauregui well knows[1] — the government *did* produce the lab report to him.  *See* ECF No. 212-1 at 2.  That lab report established that 841 grams of a mixture or substance containing a detectable amount of methamphetamine had been seized from Jauregui — and that 84 percent of that mixture consisted of pure methamphetamine.  In other words, the lab report established that Jauregui was responsible for 706.44 grams of *actual* methamphetamine.  *Id*.

Third, not only did the lab report establish that Jauregui was responsible for 706.44 grams of actual methamphetamine, but so did his Presentence Investigation Report ("PSR").  *See* PSR ¶ 20.  Jauregui acknowledged reading his PSR and discussing it with his attorney, and Jauregui did not object to the statements in the PSR relating to the quantity or type of drugs seized.

Finally, even if Jauregui had been held responsible for only 706.44 grams of a mixture or substance containing a detectable amount of methamphetamine — as opposed to 706.44 grams of

---

[1] Jauregui acknowledged at his plea hearing that he knew the results of the tests performed on the methamphetamine recovered from him.  *See* Plea Tr. at 12 [ECF No. 194].

actual methamphetamine — Jauregui would still have been subject to the ten-year mandatory minimum sentence that he received.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).  In other words, given that the Court sentenced Jauregui to the ten-year mandatory minimum, it simply does not matter whether Jauregui was responsible for 706.44 grams of a mixture containing methamphetamine or 706.44 grams of actual methamphetamine.  In either case, the Court would have been required to impose at least a ten-year sentence.

For all of these reasons, the Court find that Jauregui's Rule 59(e) motion is frivolous.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion of defendant Moises Pulido Jauregui to alter or amend the judgment of December 23, 2013 [ECF No. 215] is DENIED.

Dated: January 21, 2014

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge